UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARREN MARK FULLMER,<br><br>Defendant. | Case No. 4:18-cr-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Darren Fullmer's Request for Home Confinement due to COVID-19 (Dkt. 129), which the Court construes as a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). The Government opposes the motion. Dkt. 134. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

On March 26, 2019, Mr. Fullmer pled guilty to possession with intent to distribute methamphetamine. The Presentence Investigation Report noted that Fullmer "distributed large quantities of methamphetamine for an extended period," and that he derived his income from the sale of methamphetamine. Dkt. 85 ¶¶ 48-49. The PSR found that Fullmer was responsible for 1.25 kilograms of

MEMORANDUM DECISION AND ORDER - 1

methamphetamine from sales to a codefendant and another 24.98 kilograms of methamphetamine from financial transactions he made. *Id.* ¶¶ 48-50. The PSR held Fullmer responsible for a total converted drug weight of 74,997.6 kilograms. During the investigation law enforcement recovered six firearms that were attributed to Fullmer. *Id*. ¶ 28.

On July 16, 2019, the Court sentenced Fullmer to 72 months incarceration. Dkt. 108. Fullmer has served approximately 27 months of his 72-month sentence. Fullmer is currently incarcerated at FCI Englewood. His projected release date is September 25, 2023. As of December 29, 2020, FCI Englewood has 36 inmates and 8 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed December 29, 2020).

Mr. Fullmer is 60 years old. He alleges that he has Hepatitis D, reduced liver function, damage to his respiratory system from hepatitis and arthritis, is obese, may have type-2 diabetes, and likely suffered a heart attack in early 2020. Dkt. 129. Fullmer's medical records show that he has COPD, and is overweight. Dkt. 136. The records also show that Fullmer has other conditions, none of which put him at an increased risk of complications if he contracts COVID. *Id.*

## LEGAL STANDARD

Fullmer seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To

**MEMORANDUM DECISION AND ORDER - 2**

grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

In his initial motion Fullmer did not allege that he had requested compassionate release from the Warden of FCI Englewood. In a supplemental motion, Fullmer attached his request for compassionate release, dated May 4, 2020, and the Warden's denial. Dkt. 135 at 10-17. More than thirty days have passed since the Warden's denial and the motion is ripe for the Court's review.

The § 3553(a) factors do not support a sentence reduction. Fullmer trafficked significant quantities of methamphetamine in eastern Idaho. When he

was arrested, law enforcement recovered six firearms. Fullmer has served only 27 months of his 72 months sentence. While the Court considers post-sentencing developments as they relate to the § 3553(a) factors, Fullmer's potential risk of contracting COVID does not outweigh the need for the sentence imposed. Further, due to Fullmer's relatively brief incarceration, criminal history, and significant drug trafficking activity underlying the current conviction, the Court cannot find that he does not pose a danger to society if released.

Fullmer has also not demonstrated extraordinary and compelling reasons for his release. COPD and obesity are known to put an individual at a higher risk of severe illness from COVID-19.[1] However, Fullmer's other conditions either do not put him at increased risk or are not documented by his medical records. Further, the cases at FCI Englewood are declining.[2] And, the United States is actively distributing multiple COVID-19 vaccines. Even if Fullmer's medical conditions coupled with COVID-19 constituted extraordinary and compelling reasons for his

---

[1] According to the CDC, COPD, heart conditions, or obesity are at an increased risk of severe illness from the COVID-19 virus. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed December 29, 2020).

[2] On December 3, 2020, there were 164 inmates and 39 prison staff with active cases of COVID-19 in Engelwood FCI. As of December 29, 2020, there were 36 inmates and 8 prison staff with active cases. *See* https://www.bop.gov/coronavirus/ (last accessed December 28, 2020).

**MEMORANDUM DECISION AND ORDER - 4**

release, they do not outweigh the § 3553(a) factors. Accordingly, the Court will deny his motions for compassionate release.

## ORDER

**IT IS ORDERED** that Darren Fullmer's motions for compassionate release (Dkt. 129, 135) are **DENIED**.

DATED: December 31, 2020

B. Lynn Winmill
U.S. District Court Judge